CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 31 2006

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CALVIN ANTONIO MARTIN, ) | |
| Petitioner, ) | Civil Action No. 7:06CV00322 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| TERRY O'BRIEN, et al., ) | By: Hon. Glen E. Conrad |
| Respondents. ) | United States District Judge |

The petitioner, Calvin Antonio Martin, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Martin has failed to demonstrate entitlement to relief under § 2241. Accordingly, Martin's petition must be dismissed.

Martin is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 2003, the United States District Court for the District of South Carolina sentenced Martin to a 169-month term of imprisonment for bank robbery. Martin was also ordered to serve a three-year term of supervised release. Court records indicate that Martin did not appeal his conviction or sentence. See United States v. Martin, 7:03-cr-00026 (D. S.C.).

In his present petition, Martin contends that his sentence is invalid because the sentencing court did not have the authority to impose a three-year term of supervised release in addition to a term of imprisonment. However, an inmate may not challenge the validity of his conviction or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

(1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Martin's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Martin has not pointed to any change in the substantive law associated with his conviction, and a review of current federal law shows that the conduct for which Martin is currently incarcerated continues to constitute a criminal offense. See 18 U.S.C. § 2113(a). Accordingly, Martin's § 2241 petition must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 30th day of May, 2006.

*[signature]*
United States District Judge